This is a suit by Love Bailey, a law partnership composed of Samuel P. Love and J. Edwin Bailey, Jr., seeking to recover a balance due on law fees for services alleged to have been rendered Thomas B. Carpenter, Jr. Plaintiffs alleged that at the instance and request of defendant they rendered him professional services which amounted to $250 and paid a telephone bill for him amounting to $1.98; that there have been credits on said account amounting to $113.80, leaving a balance due of $138.18. They prayed for judgment against defendant in the sum of $138.18, with five per cent per annum interest from January 1, 1943, until paid.
A plea of vagueness was filed by defendant calling on plaintiffs to state precisely what professional services were rendered and the dates of same. Plaintiffs then filed a supplemental petition setting out in full the different services rendered and attaching a number of letters received by them from defendant and copies of a number of letters they had written to and for defendant, and many other documents.
We refrain from quoting from or stating the contents of the supplemental petition since defendant and his wife, who were separated at the time, have ironed out their troubles and are now living together as man and wife. The litigation growing out of that separation are the services for which plaintiffs are suing. It is unnecessary to state the allegations of the supplemental petition in order to decide the case. It is enough to say that plaintiffs went into minute details in setting out the services rendered, and in answer the defendant denies that they were instructed or authorized by him to perform most of the services rendered. He admits that he employed plaintiffs to defend any divorce suit or separation from bed and board filed by his wife, and that he had three conferences with one member of the firm. He also admits he requested plaintiffs to pay certain bills for *Page 863 
him out of his own money which they collected for him. He alleged that a fee of $50 was sufficient to cover all services rendered him and reconvened for $63.80, which he claims he overpaid them.
The lower Court awarded judgment for plaintiffs as prayed for, and defendant has perfected this appeal.
Defendant and his wife, a young couple with a three-year-old son, became estranged, and while both were willing for a separation or divorce, each wanted custody of the child. Defendant, having reason to believe his wife was going to leave and take the child, consulted plaintiffs as to his rights. After some conferences with plaintiffs, he quit his job in the middle of the afternoon and went to his home, unknown to his wife who was at work at that time of day. Defendant secured the child, his clothes and some blankets and left for parts unknown. Before leaving he telephoned the plaintiffs, he having already instructed them to attend to any and all of his affairs, legal and otherwise, and to keep his whereabouts a secret. Plaintiffs paid bills for him, collected money for him, corresponded with his mother for him and looked after all his affairs for several months. They kept the defendant advised of everything that was going on pertaining to him, advising him by letters addressed to a name other than the defendant's. Criminal charges were filed against defendant, although plaintiffs through their efforts prevented the District Attorney from filing them for some time. An effort was made in the Juvenile Court to locate the child, which meant to locate defendant, and plaintiffs appeared and fought the proceedings successfully. The trial lasted the greater part of a day.
Finally, the wife filed suit for separation from bed and board and when plaintiffs' senior member appeared in Court to keep up with what was going on, he was forced to testify as to the whereabouts of defendant under a threat from the Trial Judge to send him to jail for contempt if he did not. Statements appeared in both daily papers painting defendant as a bad actor, and of a very derogatory character. Plaintiffs took the matter up with the papers in an attempt to get a correction.
After the whereabouts of defendant were made known by one of plaintiffs, as above related, the officers and the wife flew to Port Arthur, Texas, where defendant was. He was arrested but having been notified by plaintiffs by telephone and advised by them, secured a lawyer there and fought extradition successfully. After the extradition trial defendant and his wife became reconciled and lived there with their child for some time, finally moving back to Shreveport and are living happily together, making for the little boy the home to which he is entitled, so far as this record discloses.
We have not related more than half the services rendered by plaintiffs and refrain from showing the services rendered by them as shown by the documentary evidence relative to the suit for divorce or separation from bed and board for the reason above stated — defendant and his wife are now living together and to relate here the contents thereof could not add anything to this opinion. Furthermore, there is no dispute over the services rendered by plaintiffs. Defendant contends they were unauthorized and he should not be made to pay for them for that reason alone. The evidence makes it clear beyond doubt that plaintiffs were instructed or requested by defendant to do everything they did, and the testimony of the Juvenile Judge, before whom part of the services were performed, and the Assistant District Attorney, who was on the opposite side, as well as other reputable attorneys of the Shreveport Bar, is most convincing that the charge of $250 was a minimum charge.
The value of the services rendered by the plaintiffs to him is expressed in his own words in the letter he wrote plaintiffs a short time before the reconciliation between him and his wife. It is as follows:
"If you need some more money get it from Conrad and let me know and I will try to arrange to take care of it through you. I want to assure you that you will not loose 1 penny for you trouble and efforts in helping my son and myself I will never forget it either financially or friendly because I don't know what I would have done if it had not been for your friendship and advice. If I have to work the rest of my life to pay for the privilege of having my boy where he belongs it will be worth it."
Prior to going into trial, defendant filed a stay of proceedings, under the Soldiers, Sailors Civil Relief Act of 1940 and the amendment of 1942, as provided in Section 103, 50 U.S.C.A.Appendix, § 513. He alleged he would soon be called into active *Page 864 
duty in the United States Army. There was no proof offered to sustain the allegation, however, since he was not in active duty and had not been called and was present in Court and testified in the case, the plea was certainly premature at that time.
The judgment of the lower Court is affirmed, with costs.